JUSTICE LEAPHART,
specially concurring.
Justice John C. Harrison was in the majority in this Court’s initial decision in Casarotto v. Lombardi (1994), 268 Mont. 369, 886 P.2d 931. Justice Harrison has since retired. As the successor to Justice Harrison, it is incumbent on me to review that decision in light of the remand from the United States Supreme Court. Having reviewed the Casarotto decision, I specially concur with the Court’s conclusion that Montana’s notice requirement in § 27-5-114(4), MCA, does not undermine the goals and policies of the FAA and is not preempted by 9 U.S.C. § 2 (1988). I have also reviewed the United States Supreme Court’s decision in Allied-Bruce Terminix Cos. v. Dobson (1995), 513 U.S._, 115 S.Ct. 834, 130 L.Ed.2d 753, and I see no reason why the principles enunciated in that decision should have any effect upon this Court’s decision in Casarotto.
*9 In Dobson, the United States Supreme Court held that the FAA preempts anti-arbitration state statutes which invalidate arbitration agreements. Section 27-5-114(4), MCA, cannot be characterized as anti-arbitration nor does it invalidate arbitration agreements. On the contrary, it is one section of Montana’s Uniform Arbitration Act which specifically recognizes arbitration agreements: “A written agreement to submit an existing controversy to arbitration is valid and enforceable except upon such grounds as exist at law or in equity for the revocation of a contract.” Section 27-5-114(1), MCA. The notice requirement of subsection (4) merely protects the consumer by requiring that notice of an arbitration provision be conspicuously placed on the front page of the contract. This does not undermine the pro-arbitration policy of the FAA. Rather, it furthers the policy of meaningftd and consensual arbitration by helping ensure that the consumer who signs what is most often a nonnegotiated, form contract, knowingly agrees to arbitration in the event of a dispute. I see no inconsistency between Dobson and our decision in Casarotto and I specially concur in the Court’s decision to reaffirm and reinstate its December 15,1994 opinion.